UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS DONNACHIE ) <br> ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **VALENTINE & KEBARTAS, INC.** ) <br> ) <br> **Defendant.** ) | Case Number <br><br><br> CIVIL COMPLAINT <br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Douglas Donnachie, by and through his undersigned counsel, Warren, Vullings & Vassallo, LLP, complaining of Defendant, and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Douglas Donnachie (hereinafter "Plaintiff"), is an individual consumer and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.  Venue in this District is proper in that the Defendant transacts business in the Commonwealth of Pennsylvania, and the conduct complained of occurred here.

### III.  PARTIES

4.  Plaintiff, Douglas Donnachie, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 280 South 23rd Street, Lebanon, Pennsylvania 17042.

5.  Defendant, Valentine & Kebartas ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 15 Union Street, Lawrence, Massachusetts  01840.

6.  Defendant is engaged in the collection of debts from consumers using the mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.  Starting in the beginning of June, 2008, plaintiff has started receiving harassing and persistent calls from defendant at his place of employment.

8.  Plaintiff never received a 30-day validation letter from defendant after the initial call, and the calls have continued unrelenting for many weeks.  Plaintiff has admonished defendant to stop calling his place of employment, because the calls are placing him in jeopardy of being fired.  Notwithstanding these continual admonishments, the calls continue.

9.      During the week of July 2, 2008, defendant called plaintiff's boss twice and plaintiff's secretary once, engaging them in conversation that had nothing to do with location information and everything to do with identifying plaintiff as a debtor.

10.     Plaintiff has directed Mike Ross, of defendant, to stop calling his boss and secretary, to no avail.  The calls are now creating a hardship for plaintiff, who is already struggling financially and must keep his job to have any hope of paying his debt.

11.     Defendant's rude, unrelenting, demeaning and harassing calls to plaintiff and plaintiff's employer are a violation of the FDCPA.

## COUNT I
## FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

12.     The above paragraphs are hereby incorporated herein by reference.

13.     Defendant violated the FDCPA in the following respects:

a.      15 U.S.C. 1692b(1), in that Defendant failed to state to plaintiff's employer that it was simply confirming or correcting location information and instead revealed plaintiff as a debtor.

b.      15 U.S.C. 1692c(a)(3), in that Defendant called plaintiff's place of employment when it knew that plaintiff's employer prohibited such communications and additionally knew plaintiff's job was in jeopardy if the calls continued.

c.      15 U.S.C. 1692c(c), in that Defendant continued to call plaintiff after plaintiff told him to cease communication at his place of employment.

      d.      15 U.S.C. 1692f, in that Defendant used unfair or unconscionable means to collect or attempt to collect the subject debt, by using plaintiff's employer as a wedge to coerce and intimidate plaintiff into paying the subject debt.

      e.      15 U.S.C. 1692g, in that Defendant never sent plaintiff a 30-day validation letter within 5 days of the initial call to plaintiff, and indeed, has never sent such a letter.

      14.      As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, attorney's fees and costs and other appropriate relief, pursuant to 73 P.S. § 201-9.2.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in their favor and against Defendant and Order the following relief:

      a.      Declaratory judgment that the Defendant's conduct violated the FDCPA;

      b.      Actual damages;

      c.      Statutory damages pursuant to 15 U.S.C. §1692k;

      d.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

      e.      Such addition and further relief as may be appropriate or that the interests of justice require.

### V.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                               **Respectfully submitted,**

            **WARREN, VULLINGS & VASSALLO, LLP**

**Date:  7/16/08**      **BY:** **/s/Carol L. Vassallo**
            Carol L. Vassallo
            Warren, Vullings & Vassallo LLP
            Identification No. 45372
            1603 Rhawn Street
            Philadelphia, PA  19111
            215-745-9800   Fax 215-745-7880
            Attorney for Plaintiff